# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO D. TREVIZO,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>KNOWLES, Warden,<br><br>　　　　　　Respondent. | Civil No.　08cv0493-DMS (BLM)<br><br>**ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION** |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a sentence imposed as a result of a conviction from the San Bernardino County Superior Court. In accordance with the practice of district courts in California, the Court transfers the Petition to the United States District Court for the Central District of California, Eastern Division.

A petition for writ of habeas corpus may be filed in the United States District Court of the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973). Petitioner here attacks a conviction suffered in the San Bernardino County Superior Court. (Pet. at 1.) That court is located in San Bernardino County, which is within the jurisdictional boundaries of the United States District Court for the Central District of California, Eastern Division. See 28 U.S.C. § 84(c)(1). Petitioner is presently confined at the California State Prison, Solano. That prison is located in Solano County, which

is within the jurisdictional boundaries of the United States District Court for the Eastern District of California. See 28 U.S.C. § 84(b). Jurisdiction over this Petition thus exists in the Central District, Eastern Division, and in the Eastern District. See 28 U.S.C. § 2241(d).

Although this Court does not have jurisdiction over the action, "[u]nder a provision of the Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of jurisdiction the court shall transfer the action to any other such court in which the action could have been brought 'if it is in the interest of justice.'" Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) (citing In re McCauley, 814 F.2d 1350, 1351-52 (9th Cir. 1987)). The Ninth Circuit has held that transferring a habeas corpus proceeding to a district with proper jurisdiction will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is "time-consuming and justice-defeating." Miller, 905 F.2d at 262 (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962). Therefore, pursuant to 28 U.S.C. § 1631, this Court may transfer this proceeding to a district with proper jurisdiction under 28 U.S.C. § 2241(d). It is generally the practice of the district courts in California to transfer habeas actions challenging a state conviction to the district in which a petitioner was convicted. Any and all records, witnesses and evidence necessary for the resolution of a petitioner's contentions are more readily available in that district. See Braden, 410 U.S. at 497, 499 n.15; Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968). In this case, that district is the Central District of California, Eastern Division. Therefore, in the furtherance of justice,

**IT IS ORDERED** that the Clerk of this Court transfer this matter to the United States District Court for the Central District of California, Eastern Division. See 28 U.S.C. § 2241(d).

**IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy of this Order upon Petitioner and upon the California Attorney General.

DATED: March 19, 2008

_____
HON. DANA M. SABRAW
United States District Judge

cc: all parties